# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **LAYLA D. WILLIAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 2:13-00108** |
| **v.** | ) | **Judge Sharp / Knowles** |
| | ) | |
| **CAROLYN W. COLVIN,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

This is a civil action filed pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain judicial review of the final decision of the Commissioner of Social Security finding that Plaintiff was not disabled and denying Plaintiff Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), as provided under the Social Security Act ("the Act"), as amended. The case is currently pending on Plaintiff's Motion for Judgment on the Administrative Record. Docket No. 15. Defendant has filed a Response, arguing that the decision of the Commissioner was supported by substantial evidence and should be affirmed. Docket No. 17. Plaintiff has filed a Reply. Docket No. 20.

For the reasons stated below, the undersigned recommends that Plaintiff's Motion for Judgment on the Administrative Record be GRANTED, and that this action be REMANDED.

## I. INTRODUCTION

Plaintiff filed her applications for DIB and SSI on August 31, 2010 and September 3,

2010 respectively, alleging that she had been disabled since July 1, 2010, due to "degenerative disk disease with bone spurs on [her] spine," "major depression," anxiety, being "over weight" [*sic*], "craniotomy that resulted in te [*sic*] removal of Pineal Gland," "bipolar disorder- not responding 2 medications," and "pinealoma." Docket No. 12, Attachment ("TR"), TR 90, 93, 120. Plaintiff's applications were denied both initially (TR 43, 44) and upon reconsideration (TR 45, 46). Plaintiff subsequently requested (TR 62) and received (TR 74) a hearing. Plaintiff's hearing was conducted on February 9, 2012, by Administrative Law Judge ("ALJ") Joan Lawrence. TR 26. Plaintiff and witness, Jessica Pore, appeared and testified. *Id.*

On June 8, 2012, the ALJ issued a decision unfavorable to Plaintiff, finding that Plaintiff was not disabled within the meaning of the Social Security Act and Regulations. TR 8-20. Specifically, the ALJ made the following findings of fact:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2015.

2. The claimant has not engaged in substantial gainful activity since July 1, 2010, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: back and depression (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except the claimant appears capable of performing three-four step tasks with

2

fair understanding and persistence within given physical limitations. The claimant should be capable of attention and concentration for at least 3 hours at a time. Although the claimant reported social difficulties with peers and supervisors in the performance setting, the claimant should be able to sustain anger and/or anxiety management especially if given a more isolated performance environment and a supportive supervisor. The claimant should be able to cope with at least mild stress and changes in the environment.

6.    The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7.    The claimant was born on March 20, 1978 and was 32 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8.    The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9.    Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10.   Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11.   The claimant has not been under a disability, as defined in the Social Security Act, from July 1, 2010, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

TR 13-19.

Plaintiff timely filed a request for review of the hearing decision. TR 6. On September 24, 2013, the Appeals Council issued a letter declining to review the case (TR 1-4), thereby rendering the decision of the ALJ the final decision of the Commissioner. This civil action was thereafter timely filed, and the Court has jurisdiction. 42 U.S.C. § 405(g). If the Commissioner's findings are supported by substantial evidence, based upon the record as a whole, then these findings are conclusive. *Id.*

## II. REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of Record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

## III. CONCLUSIONS OF LAW

### A. Standards of Review

This Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process. *Jones v. Secretary*, 945 F.2d 1365, 1369 (6th Cir. 1991). The purpose of this review is to determine (1) whether substantial evidence exists in the record to support the Commissioner's decision, and (2) whether any legal errors were committed in the process of reaching that decision. *Landsaw v. Secretary*, 803 F.2d 211, 213 (6th Cir. 1986).

"Substantial evidence" means "such relevant evidence as a reasonable mind would accept as adequate to support the conclusion." *Her v. Commissioner*, 203 F.3d 388, 389 (6th Cir. 1999) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Substantial evidence" has been further quantified as "more than a mere scintilla of evidence, but less than a preponderance." *Bell v. Commissioner,* 105 F.3d 244, 245 (6th Cir. 1996) (*citing Consolidated Edison Co. v.*

*N.L.R.B.,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)).

The reviewing court does not substitute its findings of fact for those of the Commissioner if substantial evidence supports the Commissioner's findings and inferences. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). In fact, even if the evidence could also support a different conclusion, the decision of the Administrative Law Judge must stand if substantial evidence supports the conclusion reached. *Her*, 203 F.3d at 389 (*citing Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). If the Commissioner did not consider the record as a whole, however, the Commissioner's conclusion is undermined. *Hurst v. Secretary*, 753 F.2d 517, 519 (6th Cir. 1985) (*citing Allen v. Califano,* 613 F.2d 139, 145 (6th Cir. 1980) (*citing Futernick v. Richardson,* 484 F.2d 647 (6th Cir. 1973))).

In reviewing the decisions of the Commissioner, courts look to four types of evidence: (1) objective medical findings regarding Plaintiff's condition; (2) diagnosis and opinions of medical experts; (3) subjective evidence of Plaintiff's condition; and (4) Plaintiff's age, education, and work experience. *Miracle v. Celebrezze*, 351 F.2d 361, 374 (6th Cir. 1965).

### B. Proceedings At The Administrative Level

The claimant carries the ultimate burden to establish an entitlement to benefits by proving his or her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "Substantial gainful activity" not only includes previous work performed by Plaintiff, but also, considering Plaintiff's age, education, and work experience, any other relevant work that exists in the national economy in significant numbers regardless of whether such work exists in the immediate area in which

Plaintiff lives, or whether a specific job vacancy exists, or whether Plaintiff would be hired if he or she applied.  42 U.S.C. § 423(d)(2)(A).

At the administrative level of review, the claimant's case is considered under a five-step sequential evaluation process as follows:

> (1)  If the claimant is working and the work constitutes substantial gainful activity, benefits are automatically denied.
>
> (2)  If the claimant is not found to have an impairment which significantly limits his or her ability to work (a "severe" impairment), then he or she is not disabled.
>
> (3)  If the claimant is not working and has a severe impairment, it must be determined whether he or she suffers from one of the "listed" impairments[1] or its equivalent.  If a listing is met or equaled, benefits are owing without further inquiry.
>
> (4)  If the claimant does not suffer from any listing-level impairments, it must be determined whether the claimant can return to the job he or she previously held in light of his or her residual functional capacity (e.g., what the claimant can still do despite his or her limitations).  By showing a medical condition that prevents him or her from returning to such past relevant work, the claimant establishes a *prima facie* case of disability.
>
> (5)  Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner to establish the claimant's ability to work by proving the existence of a significant number of jobs in the national economy which the claimant could perform, given his or her age, experience, education, and residual functional capacity.

20 C.F.R. §§ 404.1520, 416.920 (footnote added).  *See also Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

The Commissioner's burden at the fifth step of the evaluation process can be satisfied by

---

[1] The Listing of Impairments is found at 20 C.F.R., Pt. 404, Subpt. P, App. 1.

relying on the medical-vocational guidelines, otherwise known as "the grid," but only if the claimant is not significantly limited by a nonexertional impairment, and then only when the claimant's characteristics identically match the characteristics of the applicable grid rule. Otherwise, the grid cannot be used to direct a conclusion, but only as a guide to the disability determination. *Id.* In such cases where the grid does not direct a conclusion as to the claimant's disability, the Commissioner must rebut the claimant's *prima facie* case by coming forward with particularized proof of the claimant's individual vocational qualifications to perform specific jobs, which is typically obtained through vocational expert testimony. *See Varley v. Secretary*, 820 F.2d 777, 779 (6th Cir. 1987).

In determining residual functional capacity for purposes of the analysis required at stages four and five above, the Commissioner is required to consider the combined effect of all the claimant's impairments; mental and physical, exertional and nonexertional, severe and nonsevere. *See* 42 U.S.C. § 423(d)(2)(B).

### C. Plaintiff's Statement Of Errors

Plaintiff contends that: (1) the ALJ erred in relying on the Medical-Vocational guidelines; (2) Plaintiff's medical condition met or equaled Listing 12.04; (3) the ALJ's finding that Plaintiff was capable of performing "medium work" was not supported by substantial evidence; (4) the ALJ failed to provide good reasons for rejecting the opinions of Plaintiff's treating physician, Dr. Rodney McMillin; and (5) the ALJ violated Social Security Ruling 06-3p. Docket No. 16 at 7. Accordingly, Plaintiff maintains that, pursuant to 42 U.S.C. § 405(g), the Commissioner's decision should be reversed, or in the alternative, remanded. *Id.*

Sentence four of § 405(g) states as follows:

> The court shall have power to enter, upon the pleadings and
> transcript of the record, a judgment affirming, modifying, or
> reversing the decision of the Commissioner of Social Security,
> with or without remanding the cause for a rehearing.

42 U.S.C. §§ 405(g), 1383(c)(3).

"In cases where there is an adequate record, the Secretary's decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). Furthermore, a court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits. *Faucher v. Secretary*, 17 F.3d 171, 176 (6th Cir. 1994). *See also Newkirk v. Shalala*, 25 F.3d 316, 318 (6th Cir. 1994).

## 1.  Reliance on the Grid Rules

Plaintiff maintains that the ALJ erred in relying on the grid at step five of the sequential evaluation process, because the grids "only directly apply to exertional limitations, and generally, an ALJ's reliance on the grids is inappropriate where the claimant, like [Plaintiff], suffers from only non-exertional limitations." Docket No. 16 at 15. Plaintiff contends that, since the ALJ determined that Plaintiff's severe non-exertional limitations prevented her from performing past relevant work, the ALJ was required to support her finding that Plaintiff could perform jobs that exist in significant numbers in the national economy with evidence that Plaintiff's limitations did not significantly erode the occupational base of work at the designated exertional level. *Id.* Plaintiff asserts that the ALJ did not support such finding, and that, since reliance on the grid should have been precluded, the ALJ should have secured the testimony of a vocational expert to

8

address the issue of whether there exists a significant number of jobs that Plaintiff could perform given her limitations. *Id.* at 15-16. Plaintiff contends that because the ALJ failed to secure the testimony of a vocational expert, the Commissioner could not meet her burden and remand is warranted. *Id.*

Defendant responds that the ALJ properly concluded that Plaintiff's non-exertional limitations would not significantly erode the occupational base, and thus properly relied on the grid. Docket No. 17 at 25. Defendant argues that, under SSR 85-15, the ALJ's RFC assessment, as confirmed by Dr. Partyka's opinion, shows that Plaintiff was capable of meeting the mental demands of unskilled work, such that Plaintiff's impairments did not erode the occupational base. *Id.* at 24. Defendant maintains that the ALJ was under no obligation to call a vocational expert to testify, since there was no credible evidence of mental limitations that eroded the occupational base. *Id.* at 24-25.

Plaintiff replies that Defendant's citation of SSR 85-15 is inappropriate for the case at bar because SSR 85-15 does not address both exertional and non-exertional limitations. Docket No. 20 at 2. Plaintiff notes that the ALJ found that Plaintiff: (1) could not return to her past work because of severe mental impairments; (2) suffers from severe exertional impairments; and (3) would be restricted to medium work. *Id.* Plaintiff contends, therefore, that SSR 85-14[2] is the appropriate SSR in this case, because it addresses both exertional and non-exertional limitations. *Id.* Plaintiff argues that "SSR 85-14" affirms the need for vocational expert testimony to establish other jobs that Plaintiff could perform. *Id.* Plaintiff reiterates her assertion that the ALJ erred in

---

[2] Plaintiff likely intended to cite to SSR 83-14, which covers using the Medical-Vocational as a framework when evaluating a combination of exertional and non-exertional limitations, rather than SSR 85-14.

her "rote application of the grid," and argues that the ALJ's failure to illicit vocational expert testimony warrants remand. *Id.*

As explained above, the Commissioner has the burden at step five of establishing the claimant's ability to work by proving the existence of a significant number of jobs in the national economy that the claimant could perform, given his or her age, experience, education, and residual functional capacity. 20 C.F.R. §§ 404.1520, 416.920. *See also Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990). The Commissioner's burden at step five can be satisfied by relying on the grid rules only if Plaintiff is not significantly limited by nonexertional impairments, such as mental limitations, manipulative limitations, or environmental limitations. *Abbot v. Sullivan*, 905 F.2d 918, 926 (6th Cir. 1990). The mere presence of a mental impairment, however, does not preclude reliance upon the grid rules unless the mental impairment results in functional limitations that significantly limit the Plaintiff's ability to work at a particular exertional level. *See, e.g., Moon*, 923 F.2d at 1182; *Buress v. Secretary*, 835 F.2d 139, 142-43 (6th Cir. 1987).

In the case at bar, at step two of the sequential evaluation process, the ALJ determined that Plaintiff's "back and depression" constituted severe impairments. TR 13. At step three, the ALJ determined that Plaintiff's impairments did not meet or medically equal a listing and that she retained the residual functional capacity to perform medium work, with certain limitations. *Id.*; TR 15. Specifically, the ALJ determined that Plaintiff retained the residual functional capacity to perform:

> . . . medium work as defined in 20 CFR 404.1567(c) and
> 416.967(c) except the claimant appears capable of performing
> three-four step tasks with fair understanding and persistence within

given physical limitations. The claimant should be capable of attention and concentration for at least 3 hours at a time. Although the claimant reported social difficulties with peers and supervisors in the performance setting, the claimant should be able to sustain anger and/or anxiety management especially if given a more isolated performance environment and a supportive supervisor. The claimant should be able to cope with at least mild stress and changes in the environment.

TR 15.

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work.

TR 18. Finally, at step five, the ALJ determined that there were jobs that exist in significant

numbers in the national economy that Plaintiff could perform. TR 19. Specifically, the ALJ

discussed her rationale as follows:

In determining whether a successful adjustment to other work can be made, the undersigned must consider the claimant's residual functional capacity, age, education, and work experience in conjunction with the Medical-Vocational Guidelines, 20 CFR Part 404, Subpart P, Appendix 2. If the claimant can perform all or substantially all of the exertional demands at a given level of exertion, the medical-vocational rules direct a conclusion of either "disabled" or "not disabled" depending upon the claimant's specific vocational profile (SSR 83-11). When the claimant cannot perform substantially all of the exertional demands of work at a given level of exertion and/or has nonexertional limitations, the medical-vocational rules are used as a framework for decisionmaking unless there is a rule that directs a conclusion of "disabled" without considering the additional exertional and/or nonexertional limitations (SSRs 83-12 and 83-14). If the claimant has solely nonexertional limitations, section 204.00 in the Medical-Vocational Guidelines provides a framework for decisionmaking (SSR 85-15).

If the claimant had the residual functional capacity to perform the full range of medium work, a finding of "not disabled" would be directed by Medical-Vocational Rule 203.29. However, the claimant's ability to perform all or substantially all of the requirements of this level of work has been impeded by additional

limitations.

> The undersigned concludes that, considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. A finding of "not disabled" is therefore appropriate under the framework of the above-cited rule.

TR 19.

As Plaintiff correctly asserts, grid regulations may not be applied in the presence of non-exertional limitations, unless the ALJ articulates "reliable evidence of some kind that the claimant's nonexertional limitations do not significantly limit the range of work permitted by [her] exertional limitations." *Shelman v. Heckler*, 821 F.2d 316, 321-22 (6th Cir. 1987); *see also, e.g., Moon*, 923 F.2d at 1182; *Buress*, 835 F.2d at 142-43. Since the ALJ found that Plaintiff had a severe non-exertional limitation which rendered her incapable of performing past relevant work, the ALJ was entitled to rely on the grids only if she articulated such evidence. TR 13, 18.

The ALJ in the instant action correctly articulated the requirements under the Regulations, given the presence of exertional and non-exertional limitations (TR 19), but failed to appropriately address these requirements in her rationale or articulate "reliable evidence" that Plaintiff's non-exertional limitations do not significantly limit the range of work permitted by her exertional limitations.  In fact, the ALJ acknowledged:

> If the claimant had the residual functional capacity to perform the full range of medium work, a finding of "not disabled" would be directed by Medical-Vocational Rule 203.29.  However, the claimant's ability to perform all or substantially all of the requirements of this level of work *has been impeded by additional limitations.*

*Id.* (Emphasis added).

Without explanation of, or further elaboration on, those "additional limitations," the ALJ continued:

> The undersigned concludes that, considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. A finding of "non disabled" is therefore appropriate under the framework of the above-cited rule.

*Id.*

The Sixth Circuit has held that remand is required where the ALJ inappropriately relied only on the grids and did not seek the assistance of a vocational expert or consider other evidence. *See Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 424-25 (6th Cir. 2008). While the ALJ did "consider other evidence" that was in the record, she failed to articulate "reliable evidence of some kind" that Plaintiff's nonexertional limitations do not "significantly limit the range of work permitted by [her] exertional limitations." Because the ALJ did not seek testimony from a vocational expert and did not appropriately articulate her rationale for finding that Plaintiff could perform jobs that exist in significant numbers in the national economy, the undersigned recommends that this action be REMANDED.[3]

## IV.  RECOMMENDATION

For the reasons discussed above, the undersigned recommends that Plaintiff's Motion for Judgment on the administrative record be GRANTED, and that the decision of the Commissioner be REMANDED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14)

---

[3] Because the undersigned recommends that this action be remanded, the undersigned will not address Plaintiff's remaining statements of error.

days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.


E. CLIFTON KNOWLES
United States Magistrate Judge