UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LAYLA D. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:13-cv-00108 |
| v. ) | |
| ) | Judge Sharp |
| CAROLYN W. COLVIN, ) | Magistrate Judge Knowles |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

Pending before the Court is Plaintiff Layla D. Williams's unopposed Motion for Attorney Fees. (Docket No. 26). For the reasons stated below, the Court will grant Plaintiff's Motion and the Plaintiff will be awarded the sum of $3,612.50.

The Plaintiff filed her Complaint against the Social Security Administration ("SSA") on October 21, 2013. (Docket No. 1). Following the filing of the administrative record (Docket No. 12), Plaintiff filed a Motion for Judgment on the Administrative Record (Docket No. 15), to which the SSA responded in opposition (Docket No. 17), and Plaintiff replied (Docket No. 20). Magistrate Judge Knowles filed a Report & Recommendation ("R & R") recommending that Plaintiff's Motion for Judgment on the Administrative Record be granted because the Administrative Law Judge ("ALJ") did not seek testimony from a vocational expert and did not appropriately explain her rationale for finding that Plaintiff could perform existing jobs in the national economy. (Docket No. 22). This Court adopted the R & R and remanded the case to the SSA for additional proceedings. (Docket No. 24). The Plaintiff then filed the instant motion for attorney fees under the Equal Access to Justice Act ("EAJA"). (Docket No. 26). The SSA has not responded to Plaintiff's request for fees.

1

## I. Substantial Justification

The EAJA provides for an award of attorney fees to a party who prevails in a civil action against the United States "when the position taken by the Government is not substantially justified and no special circumstances exist warranting a denial of fees." Bryant v. Comm'r of Soc. Sec., 578 F.3d 443, 445 (6th Cir. 2009) (citing 28 U.S.C. § 2412(d)(1)(A)). The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

In this case, the Court reversed the finding of the ALJ and ordered a remand for additional proceedings, which means that Plaintiff is the prevailing party. See Secretary v. Schaefer, 509 U.S. 292, 307 (1993). In addition, the SSA's position during this litigation was not "substantially justified." To be substantially justified, the Government must show its position was "justified in substance or in the main." Pierce v. Underwood, 487 U.S. 552, 565 (1988). In other words, the Court must determine whether the Government's position was justified in law and in fact to a degree that would satisfy a reasonable person. Id. See also Perket v. Sec'y of H.H.S., 905 F.2d 129, 132 (6th Cir. 1990). It is the Government's burden under the EAJA to prove that its position was substantially justified. See Scarborough v. Principi, 541 U.S. 401, 414-15 (2004). Given that no opposition has been filed in response to Plaintiff's motion, the Court finds that the SSA has not met its burden of proving substantial justification.

In addition, no evidence in the record suggests that special circumstances bar a fee award here, and the Court, after carefully reviewing the record, finds none. See 28 U.S.C. § 2412(d)(1)(A). Therefore, the Court turns to an analysis of the amount of fees to which Plaintiff's counsel is entitled.

## II. The Amount of the Fee Award

The EAJA authorizes an award of reasonable fees as follows:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). Plaintiff requests an award of attorney fees in the amount of $3,612.50, which represents 28.9 attorney hours of work at an hourly rate of $125.00. (Docket No. 26). In support of the motion, Plaintiff's counsel attached an itemized report of the time he spent on this matter and an affidavit regarding his experience and standard hourly rate. The Court finds the hourly rate requested by Plaintiff's counsel to be reasonable.

The Court next turns to a discussion of the applicable hours Plaintiff's counsel worked relative to the outcome, *i.e.*, the time to which the hourly rate of $125.00 shall be applied. Plaintiff's counsel submits that he spent 28.9 hours on this case before the District Court. After a careful review of the record, and in the absence of opposition by the Commissioner, the Court finds the 28.9 hours expended, as claimed by counsel, are reasonable.

The last matter to be addressed concerns the issue of payment. Under the Supreme Court case of Astrue v. Ratliff, 560 U.S. 586 (2010), the EAJA fee is payable to the Plaintiff as litigant and the payment may be subject to an offset to satisfy any pre-existing debt that the litigant owes the United States.

### III. Conclusion

Accordingly, Plaintiff's Motion for Attorney Fees (Docket No. 26) is hereby GRANTED and the Defendant is ordered to pay to Plaintiff the amount of $3,612.50, less any offset amounts owed to the United States. The check should be sent in care of Plaintiff's attorney, as it appears that the Plaintiff has agreed that the attorney fees awarded under EAJA will end up being paid by the Plaintiff to his attorney.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE